UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN TRUCKING ASSOCIATIONS, INC.; CUMBERLAND FARMS, INC.; M&M TRANSPORT SERVICES, INC.; and NEW ENGLAND MOTOR FREIGHT, INC., *Plaintiffs*, v. PETER ALVITI, JR., in his official capacity as Director of the Rhode Island Department of Transportation; Rhode Island Turnpike and Bridge Authority *Defendants*. | C.A. No.: 1:18-cv-00378-WES-PAS |

# DECLARATION OF CLAIRE RICHARDS, EXECUTIVE COUNSEL TO NON-PARTY GOVERNOR GINA M. RAIMONDO IN SUPPORT OF ASSERTION OF LEGISLATIVE AND DELIBERATIVE PROCESS PRIVILEGES

I, Claire Richards, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am Executive Counsel to Governor Gina M. Raimondo, a non-party to this litigation.

2. Governor Raimondo has delegated to me the responsibility for invoking government privileges in this litigation.

3. I make this declaration on the basis of my personal knowledge and my review of documents in the possession, custody and control of the Office of the Governor.

4. On July 22, 2020, the Office of the Attorney General accepted service on behalf of the Governor of (1) a subpoena duces tecum (Doc. 75) issued on July 21, 2020, which commands the Governor to produce certain documents on or before August 14, 2020 and (2) a subpoena for deposition testimony (Doc. 76) issued on July 21, 2020, which commands the Governor to appear for a deposition on September 4, 2020.

5. Based on a review of the categories of documents requested and a consideration of the likely subjects of deposition testimony, the Governor asserts the legislative and deliberative process privileges as set forth herein.

6. Request No. 1 to the subpoena duces tecum seeks: Any documents or communications in the Office of the Governor's possession, custody, and control regarding efforts to mitigate the economic impact of RhodeWorks on motor carriers that are citizens of Rhode Island and on Rhode Island registered vehicle owners.

7. The Governor asserts the legislative and deliberative process privileges over any responsive documents that were prepared before the RhodeWorks Act was enacted.

8. Request No. 2 to the subpoena duces tecum seeks: All documents in the Office of the Governor's possession, custody, and control regarding the actual or expected impact of the RhodeWorks maximum $20.00 toll, as set forth in R.I. Gen. Laws § 42-13.1-4(c), on motor carriers that are citizens of Rhode Island, as well as on motor carriers that are not citizens of Rhode Island.

9. To the extent the Office of the Governor has documents that were prepared before the RhodeWorks Act was enacted regarding the *expected* impact of one of the RhodeWorks Act's frequency based discounts, the Governor asserts the legislative and deliberative process privileges over such documents.

10. Request No. 3 to the subpoena duces tecum seeks: All documents in the Office of the Governor's possession, custody, and control regarding the actual or expected impact of the RhodeWorks maximum $40.00 toll, as set forth in R.I. Gen. Laws § 42-13.1-4(d) on motor carriers that are citizens of Rhode Island, as well as on motor carriers that are not citizens of Rhode Island.

11. To the extent the Office of the Governor has documents that were prepared before the RhodeWorks Act was enacted regarding the *expected* impact of one of the RhodeWorks Act's frequency based discounts, the Governor asserts the legislative and deliberative process privileges over such documents.

12. Request No. 4 to the subpoena duces tecum seeks: All documents in the Office of the Governor's possession, custody, and control regarding the actual or expected economic impact of tolling FHWA Class 6 and Class 7 vehicles under RhodeWorks on motor carriers that are citizens of Rhode Island, as well as on motor carriers that are not citizens of Rhode Island.

13. To the extent the Office of the Governor has documents that were prepared before the RhodeWorks Act was enacted regarding the *expected* economic impact of tolling FHWA Class 6 and Class 7 vehicles, the Governor asserts the legislative and deliberative process privileges over such documents.

14. Request No. 5 to the subpoena duces tecum seeks: All documents in the Office of the Governor's possession, custody, and control discussing, reflecting, or relating to the potential impact of RhodeWorks on motor carriers operating in interstate commerce and/or on motor carriers that primarily operate within Rhode Island.

15. To the extent the Office of the Governor has documents that were prepared before the RhodeWorks Act was enacted as part of the legislative and deliberative process regarding the *potential* impact of Rhodeworks on vehicles engaged in interstate and/or intrastate commerce, the Governor asserts the legislative and deliberative process privileges over such documents.

16. Request No. 6 to the subpoena duces tecum seeks: All documents in the Office of the Governor's possession, custody, and control reflecting, recording, summarizing, referencing,

or discussing the following statements, including without limitation press releases, draft and final versions of the statements, audio and video files, and emails or paper correspondence:

    a.  The statement made by Governor Raimondo on, or about, May 30, 2015, as referenced in paragraph 92 of the Complaint;

    b.  The interview conducted by Governor Raimondo on, or about, October 29, 2015 as referenced in paragraphs 5 and 80 of the Complaint;

    c.  The statement made by Governor Raimondo's spokesperson on or around November 8, 2015, as referenced in paragraph 79 of the Complaint;

    d.  Any additional documents in the Office of the Governor's possession, custody, and control reflecting, recording, summarizing, referencing, or discussing statements made by the Office of the Governor regarding RhodeWorks, including without limitation draft and final versions of speeches, presentations, press releases, audio and video files, and emails or paper correspondence

17.    To the extent the Office of the Governor has drafts or documents summarizing or discussing the requested statements that were prepared before the RhodeWorks Act was enacted as part of the legislative and deliberative process, the Governor asserts the legislative and deliberative process privileges over such documents.

18.    Request No. 7 to the subpoena duces tecum seeks:  All analyses, reports, studies, or similar documents evaluating the impact of alternative methods, other than tolling large commercial vehicles, to raise funds to repair bridges located in Rhode Island.

19.    To the extent the Office of the Governor has preliminary reports or communications underlying or concerning publicly available reports or studies evaluating the impact of alternative methods other than tolling large commercial vehicles and those documents

pre-date the enactment of the RhodeWorks Act, the Governor asserts the legislative and deliberative process privileges over such documents.

20. Request No. 8 to the subpoena duces tecum seeks: All analyses of RhodeWorks, including without limitation any comments, edits, drafts of proposed bills, red-lines, mark-ups, or revisions to proposed bills or drafts in your possession, custody, and control.

21. The Governor asserts the legislative and deliberative process privileges over the requested documents.

22. Request No. 9 to the subpoena duces tecum seeks: All communications between the Office of the Governor and any members of the Rhode Island legislature regarding RhodeWorks or any alternative method for raising funds to repair bridges located in Rhode Island.

23. To the extent there are communications between the Office of the Governor and any member of the General Assembly regarding the RhodeWorks Act or any alternatives to the RhodeWorks Act and those documents pre-date the enactment of the RhodeWorks Act, the Governor asserts the legislative and deliberative process privileges.

24. It would be unduly burdensome for the Office of the Governor to search for each of the categories of documents requested to determine whether it has any documents that do not fall within the scope of the legislative and deliberative process privileges or to prepare a document by document privilege log for it to assert the legislative and deliberative process privileges.  This is particularly true at this time, in the midst of a global pandemic, when the Governor, as the State's chief executive officer and commander-in-chief, is statutorily vested with the responsibility of "meeting the dangers to the state and people presented by disasters." R.I. Gen. Laws § 30-15-9.

25. Requiring the Office of the Governor to undertake such a search or to prepare such a privilege log also would be contrary to the principles that underlie the legislative privilege, most notably, encouraging officials performing legislative functions to discharge their duties and devote their best efforts and full attention to the public good.

26. Finally, to the extent that Plaintiffs seek to depose the Governor on the topics for which the Governor has asserted the legislative and deliberative process privileges above, if the Court required the Governor to appear for such a deposition, the Governor intends to assert the legislative and deliberative process privileges in response to questioning on those topics.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of July 2020 in Providence, RI.

/s/ Claire Richards  
Claire Richards, Esq.

## **CERTIFICATION**

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to counsel of record on this 6th day of August 2020.

/s/ John A. Tarantino

1018199.v1