AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island

| | | |
|---|---|---|
| American Trucking Associations, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  18-cv-378-WES-PAS |
| | ) | |
| Peter Alviti, Jr. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  Jeffrey M. Taylor, The Mayforth Group
                                     111 Wayland Avenue, Providence, RI 02906

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          Please see the attached categories of requested documents.

| Place: Adler Pollock & Sheehan P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 | Date and Time:<br><br>08/24/2020 9:00 am |
|---|---|

          ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/07/2020

|                     CLERK OF COURT                     | OR |                                          |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | *Nicole J. Benjamin* (signature)<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Rhode Island Turnpike and Bridge Association _____ , who issues or requests this subpoena, are:
Nicole J. Benjamin, One Citizens Plaza, 8th Floor, Providence, RI 02903, nbenjamin@apslaw.com, 401-274-7200

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO-88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    18-cv-378-WES-PAS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Jeffrey M. Taylor

on *(date)*  8-11-2020 .  1:40pm

☑ I served the subpoena by delivering a copy to the named person as follows:

Jeffrey M. Taylor   The May Fourth Grouy
111 Leroy Road Suite 208 prev          on *(date)*  8-11-20     ; or  1:40p

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  42.00   .

My fees are $   48   for travel and $          for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  8/11/2020
       1:40pm
                              _____
                                   Server's signature

                              DAVID MUSCATELLI   Constable 6053
                                   Printed name and title

                              500 Henry Hill Rd Johnston
                                   Server's address

CONSTABLE 6053
DAVID MUSCATELLI

Additional information regarding attempted service, etc.:

AO-88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

For purposes of this Subpoena Duces Tecum and responses thereto, the following definitions apply:

1.     "Document" has the same meaning as used in Rule 34(a) of the Federal Rules of Civil Procedure, and shall be construed to include all writing of any kind whatsoever and in any medium, however recorded or reproduced, including emails and other electronically generated and stored documents, originals and non-identical copies, drafts, translations, and other preliminary materials that are different in any way from the executed or final document, regardless of whether designated "confidential," "privileged," or otherwise protected, wherever located.

2.     "Communication" means any act or incidence of transferring, transmitting, passing, delivering or giving information, by oral or written means, including but not limited to, by way of note, telegram, letter, fax, telex, telephone, tape, electronic mail, text message, sms message, instant message, G-chat message, social media messages or postings or otherwise.

3.     "Concerning" means with respect to, referring to, establishing, evidencing, constituting, comprising, commenting on, responding to, showing, describing, analyzing, reflecting, presenting, containing, or mentioning.

4.     "Plaintiffs" means Plaintiffs American Trucking Associations, Inc., Cumberland Farms, Inc., M&M Transport Services, Inc. and New England Motor Freight, Inc.

5.     "ATA" means Plaintiff American Trucking Associations, Inc.

6.     "RITA" means the Rhode Island Trucking Association, Inc., a Rhode Island non-profit corporation.

7.     "You" or "Your" means Jeffrey M. Taylor.

8.     "RIDOT" means the Rhode Island Department of Transportation.

9.     "Office of the Governor" means the Office of Rhode Island Governor Gina M. Raimondo.

10.    "RhodeWorks Act" means The Rhode Island Bridge Replacement, Reconstruction, and Maintenance Fund Act of 2016, R.I. Gen. Laws § 42-13.1-1 *et seq*.

11.    "RhodeWorks Tolling Program" means that tolling program implemented by the RIDOT pursuant to the RhodeWorks Act.

12.    "Litigation" means any and all matters relating to the matter captioned *American Trucking Associations, Inc. v. Alviti*, C.A. No. 18-378-WES-PAS, including but not limited to, matters relating to any pleadings, motions, discovery, hearings, or orders in the lawsuit.

13.    "Large commercial truck" shall have the same meaning as that set forth in R.I. Gen. Laws § 42-13.1-3(3) and "shall be defined pursuant to the Federal Highway Administration (FHWA) vehicle classification schedule as any vehicle within Class 8 - single trailer, three (3) or four (4) axles, up to and including Class 13 - seven (7) or more axle multi-trailer trucks, as such classifications may be revised from time to time by the FHWA."

## **REQUESTED DOCUMENTS**

1.     All documents concerning the Rhode Island Bridge Replacement, Reconstruction, and Maintenance Fund Act of 2016, R.I. Gen. Laws § 42-13.1-1 et seq. (also referred to as the RhodeWorks Act), including but not limited to the following:

   a.  communications with the RITA and/or its members;

   b.  communications with the ATA and/or its members;

   c.  communications with the Office of the Governor;

   d.  communications with RIDOT;

2

      e.  communications with any member of the Rhode Island General Assembly; and

      f.  communications with the Federal Highway Administration.

2.     All documents created between January 1, 2015 and the present concerning any proposal to toll large commercial trucks in the State of Rhode Island, including but not limited to the following:

      a.  communications with the RITA and/or its members;

      b.  communications with the ATA and/or its members;

      c.  communications with the Office of the Governor;

      d.  communications with RIDOT;

      e.  communications with any member of the Rhode Island General Assembly; and

      f.  communications with the Federal Highway Administration.

3.     All documents between January 1, 2015 and the present concerning any alternative method for raising funds to repair bridges located in Rhode Island, including but not limited to the following:

      a.  communications with the RITA and/or its members;

      b.  communications with the ATA and/or its members;

      c.  communications with the Office of the Governor;

      d.  communications with RIDOT;

      e.  communications with any member of the Rhode Island General Assembly; and

      f.  communications with the Federal Highway Administration.

4.     All presentations made to the Rhode Island General Assembly or any member or committee thereof concerning the RhodeWorks Act or any other proposal to toll large commercial trucks in the State of Rhode Island between January 1, 2015 and the present.

3

5.      All documents concerning any proposal made by the RITA to the Rhode Island

General Assembly or any member or committee thereof as (a) an alternative to the RhodeWorks

Act or any other proposal to toll large commercial trucks in the State of Rhode Island or (b) an

alternative method for raising funds to repair bridges located in Rhode Island between January 1,

2015 and the present.

6.      All documents in your possession, custody, and control reflecting, recording,

summarizing, referencing, or discussing statements made or issued by your office regarding the

RhodeWorks Act or any other proposal to toll large commercial trucks in the State of Rhode

Island between January 1, 2015 and the present, including without limitation draft and final

versions of speeches, presentations, press releases, audio and video files, and emails or paper

correspondence.

7.      All analyses, reports, studies or similar documents concerning:

a. any provision of the RhodeWorks Act;

b. any provision of any bill related to tolling large commercial trucks in the State of
   Rhode Island between January 1, 2015 and the present;

c. the actual or expected impact of the RhodeWorks Act and/or the RhodeWorks
   Tolling Program on large commercial trucks;

d. the actual or expected impact of the RhodeWorks Act and/or the RhodeWorks
   Tolling Program on interstate travel;

e. the actual or expected impact of the RhodeWorks Act and/or the RhodeWorks
   Tolling Program on out-of-state vehicles;

f. the actual or expected impact of the RhodeWorks Act and/or the RhodeWorks
   Tolling Program on in-state vehicles; and

4

      g.   the expected impact of alternative methods, other than tolling large commercial

            trucks, to raise funds to repair bridges located in Rhode Island.

8.     All documents concerning this Litigation.

1018798.v1