## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

AMERICAN TRUCKING ASSOCIATIONS, INC.; CUMBERLAND FARMS, INC.; M&M TRANSPORT SERVICES, INC.; and NEW ENGLAND MOTOR FREIGHT, INC.,

    Plaintiffs,

        v.

PETER ALVITI, JR., in his Official Capacity as Director of The Rhode Island Department of Transportation; RHODE ISLAND TURNPIKE AND BRIDGE AUTHORITY,

    Defendants.

C.A. No. 18-378-JJM-PAS

## <u>ORDER</u>

Before the Court is Magistrate Judge Patricia A. Sullivan's Report and Recommendation ("R&R"), ECF No. 285, recommending that the Court grant in part and deny in part the parties' Motions for Attorneys' Fees, Costs, and Expenses. ECF Nos. 261, 266. Both parties have filed objections to that recommendation. ECF Nos. 290, 291. After reviewing this issue de novo, the Court agrees with part, but not all of Magistrate Judge Sullivan's R&R as follows.

## I.    BACKGROUND

This dispute arises from Plaintiffs' — the American Trucking Associations, Inc., Cumberland Farms, Inc., M&M Transport Services, Inc., and New England

Motor Freight, Inc. (collectively, "ATA") — action against Defendants, Peter Alviti, Jr. in his official capacity as the director of the Rhode Island Department of Transportation ("RIDOT") and Rhode Island Turnpike and Bridge Authority (collectively, "Defendants").[1]  ATA brought this action in an attempt to invalidate the State of Rhode Island's implementation of "The Rhode Island Bridge Replacement, Reconstruction, and Maintenance Fund Act of 2016", R.I. Gen. Laws § 42-13.1-1 et seq ("RhodeWorks"), which attempted to authorize tolling of trucks at various points throughout the state.[2]

The Court's prior Findings of Fact and Conclusions of Law and the First Circuit's most recent opinion in this matter provide a meticulous factual backdrop underlying the lifecycle of this dispute.  ECF No. 245; *Am. Trucking Ass'ns, Inc. v. Rhode Island Turnpike and Bridge Authority*, 123 F.4th 27, 33-37 (1st Cir. 2024). The Court therefore incorporates them by reference.  Specifically, these sources detail: (1) ATA's challenge to RhodeWorks and its argument that it violates the Commerce Clause of the United States Constitution; (2) RhodeWorks' temporary demise following this Court's resolution of this dispute in ATA's favor; and (3) the program's resurrection following Defendants' appeal. *Am. Trucking Ass'ns, Inc.*, 123

---

[1] Mr. Alviti no longer serves as RIDOT's director following his retirement in late February.  Additionally, the Rhode Island Turnpike and Bridge Authority joined as a Defendant following the Court's approval of its request to intervene. Text Order (Aug. 17, 2018).

[2] RhodeWorks functions by tolling trucks based on their size.  In essence, the program places the burden of paying tolls on larger trucks based on the idea that bigger trucks cause a greater amount to damages to Rhode Island's infrastructure. *Am. Trucking Ass'ns, Inc. v. Rhode Island Turnpike and Bridge Auth.*, 123 F.4th 27, 48-49 (1st Cir. 2024).

F.4th at 50-53.    Ultimately, the First Circuit concluded that the RhodeWorks program withstood ATA's constitutional challenge and endorsed the truck tolling regime that it created.  *Id.* at 53.  Notwithstanding this outcome, the First Circuit also concluded that the series of daily caps on tolls imposed by the RhodeWorks program violated the Constitution because they "effectively discriminate[d] against interstate commerce[.]"  *Id.* at 45.    As a result, the First Circuit severed this unconstitutional aspect of RhodeWorks while upholding it in all other respects.  *Id.* at 53.

Following the First Circuit's resolution of this matter, the parties returned to this Court and, pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d), moved for respective awards of attorneys' fees related to the work they performed during this dispute.[3]  ECF Nos. 261, 266.  Thereafter, the Court referred both motions to Magistrate Judge Sullivan.  Following the parties' submission of extensive briefing on their entitlement to attorneys' fees, Magistrate Judge Sullivan issued an R&R, which recommended granting in part and denying in part both motions.  ECF No. 285 at 32-33.  Critically, Magistrate Judge Sullivan determined that both ATA and Defendants qualified as prevailing parties.  Magistrate Judge Sullivan then went on to recommend awards to each party based on her assessment of the nature and degree of the parties' success in this action.  *Id.*[4]    ATA and

---

[3] Defendants also sought an award of taxable costs pursuant to 28 U.S.C. § 1920.

[4] The Magistrate Judge recommended the Court grant in part and deny in part the motions by both sides as follows: awarding the State costs for $186,156.03 plus post-judgment interest; denying the State attorneys' fees; awarding ATA attorneys'

Defendants both seek alteration of Magistrate Judge Sullivan's R&R, and they object to the recommended resolution of their purported fee awards.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, district courts must conduct a de novo review of any part of a magistrate judge's report and recommendation, if the parties have properly objected to it.  Fed. R. Civ. P. 72(b)(3).  Following their de novo review, district courts may — among other actions — accept, reject, or modify the magistrate judge's recommended disposition. *Id.*

Typically, litigants must compensate their own counsel unless explicit fee-shifting authority provides otherwise.  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't Health & Hum. Res.*, 532 U.S. 598, 602 (2001).  Here, 28 U.S.C. § 1988 provides the source of that authority.  *See* 28 U.S.C. § 1988(b).  Notwithstanding this potential source of attorneys' fees, courts may not make an award unless they first determine that the litigant constitutes a "prevailing party."  *Suárez-Torres v. Panadería Y Repostería España, Inc.*, 988 F.3d 542, 551-53 (1st Cir. 2021).  Litigants may demonstrate their entitlement to prevailing party status if they show that: (1) a material alteration between the parties' relationship has taken place; and (2) the alteration possesses the requisite judicial imprimatur.  *Id.*  With respect to the first step in this analysis, courts have determined that a material alteration has taken

---

fees of $2,575,111 and costs of $150,952.29, for a total award of $2,726,063.29; and denying all other requested relief by both sides.

place when a plaintiff succeeds on "any significant issue in litigation which achieves some of the benefit plaintiff sought in bringing the suit." *Id.*

The Court's review of the record and the arguments submitted reveal that ATA has failed to demonstrate their status as a prevailing party in this action. Specifically, the Court determines that ATA has vastly overstated the benefit, if any, that they have received from the ultimate resolution of their challenge to the RhodeWorks program and the Court's assessment of the outcome that occurred cannot result in its characterization as a prevailing party in this dispute. As an initial matter, the Court notes that ATA failed to obtain the relief that originally motivated them to bring this action: "[a] declaratory judgment that Rhode Island's truck-toll scheme is unconstitutional" and "[a] permanent injunction enjoining Defendants from continuing to implement or enforce Rhode Island's truck tolls." ECF No. 1 at 29.

Contrary to their wishes, ATA ultimately received a determination from the First Circuit holding that: (1) the RhodeWorks program's tolling of some, but not all, trucks does not violate the Constitution; and (2) the unlawful, daily caps are severable from the RhodeWorks program writ large. *Am. Trucking Ass'ns, Inc.*, 123 F.4th at 53. Ultimately, the First Circuit held that "RhodeWorks may go into effect (absent the caps) without offending the dormant Commerce Clause." *Id.* Despite ATA's initial success in obtaining relief before this Court, the First Circuit's ultimate decision upholding all but one aspect of RhodeWorks demonstrates that ATA has not altered the parties' relationship in a material manner. *Suárez-Torres*, 988 F.3d at 551-53.

As a result, the Court determines that ATA has failed to meet the threshold requirement that would entitle it to an award of attorneys' fees.

ATA insists that its finding of a dormant Commerce Clause violation and subsequent severance of the caps entitle it to prevailing party status, notwithstanding the First Circuit's decision upholding the RhodeWorks program. ECF No. 291 at 8. Specifically, ATA argues that: (1) the caps themselves favored in-state actors over out-of-state actors; (2) the First Circuit's invalidation of them constitutes a significant, material benefit to them; and (3) seeking elimination of the caps constituted "a central reason why ATA brought this suit." *Id.* The Court determines that ATA's advancement of these arguments strains credulity for two primary reasons.

First, even though ATA seeks recognition as a prevailing party based on the invalidation of the daily caps, ATA expressly advocated *against* their severance from RhodeWorks. ECF No. 290 at 7 (citing ATA's First Circuit brief, which states that "the Court should not sever the RhodeWorks caps" and argues that "severance would be improper even if the [First Circuit] believes that the caps are RhodeWorks' only unconstitutional element.") (cleaned up). While courts have undoubtedly determined that a plaintiff constitutes a prevailing party when they have obtained some, but not all, of the benefit that they have sought, the Court declines to extend this reasoning to conclude that ATA is a prevailing party after they have received an outcome that they explicitly asked the First Circuit to reject. *See Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001) (noting that "obtaining equitable relief

6

does not automatically confer prevailing party status" and determining that "an inquiring court must always make a qualitative inquiry of the relief obtained.") (cleaned up).

Second, the Court declines to recognize ATA as a prevailing party because it failed to obtain any practical benefit from the First Circuit's severance of the caps. Specifically, the evidence from this dispute confirmed that the lack of daily caps will result in ATA paying a higher amount in daily tolls and that it does not receive any tangible financial benefit from their elimination.[5]  *See* ECF No. 243 at 25-26.  Given the ultimate determination that RhodeWorks itself does not violate the dormant Commerce Clause, and that ATA now faces an increase in the number of daily tolls the Defendants can subject them to, the Court refuses to characterize it as a prevailing party.  *Gay Officers Action League*, 247 F.3d at 294 ("If, however, the plaintiffs' success on that claim was purely technical or *de minimis* a court would be well within its rights to deny prevailing party status.") (cleaned up); *see also Anheuser-Busch, Inc. v. Schnorf*, No. 10-cv-1601, 2012 WL 1068765 at * 7 (N.D. Ill. March 29, 2012) (noting that the relief ordered by the Court was the opposite of the plaintiff's request and concluding that "while the defendants' conduct changed, it did not do so in a way that benefited Plaintiffs.") (cleaned up).  As a result, ATA has failed to demonstrate that it has directly benefited from its decision to bring this action,

---

[5] Some members of ATA will now likely pay higher fees because of the outcome of this case.

which therefore does not warrant the Court's recognition of ATA as a prevailing party. *Suárez-Torres*, 988 F.3d at 551-53.

Nevertheless, ATA insists that they have prevailed here and argues that the outcome of this action has left it better off than before ATA brought this constitutional challenge.   Specifically, ATA characterizes its outcome in the following manner: "[A]lthough ATA didn't receive all of the relief it requested, an anticompetitive imposition on interstate truckers has been eliminated and the creation of truck-only tolling has been discouraged, in Rhode Island and elsewhere."   ECF No. 296 at 6. Notwithstanding the fact that the First Circuit explicitly upheld Rhode Island's truck-only tolling regime, ATA's post-hoc characterization of this case overlooks the pragmatic effect of the ultimate outcome and likely overstates the downstream impact that this action will have.[6]   Additionally, caselaw has counseled against parties attempting to demonstrate their entitlement to prevailing party status by relying on the metaphysical results that they obtained from their involvement in litigating a dispute. *See Gay Officers Action League*, 247 F.3d at 294 ("Of itself, the moral satisfaction that results from any favorable statement of law cannot bestow prevailing party status.") (quoting *Farrar v. Hobby*, 506 U.S. 103, 112 (1992)).

Finally, ATA appears to argue that Rhode Island's delay in reimposing the RhodeWorks program somehow demonstrates its overall success and its entitlement

---

[6] If anything, the First Circuit's determination that Rhode Island may permissibly operate a truck-only tolling program in the state will likely encourage, rather than discourage, the implementation of capless, truck-only tolling throughout the United States.

8

to prevailing party status. ECF No. 298 at 5-8. Notwithstanding ATA's attempt to capitalize on the delay in reimplementation, Defendants have presented evidence that flatly contradicts the notion that Rhode Island has abandoned the RhodeWorks program. ECF No. 277 at 2 ("RIDOT is working earnestly to have the RhodeWorks tolling network partially operational within the next fiscal year, and plans to have the tolling network fully operational as soon as possible."). As a result of ATA's failure to demonstrate its status as a prevailing party, the Court declines to award it with attorneys' fees for their involvement in this action.

Moreover, even if the invalidation of the daily caps alone requires the Court to characterize Defendants as a prevailing party, the Court declines to award fees to ATA based on its assessment of the degree of success it obtained. *See Farrar*, 506 U.S. at 115 ("In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorneys' fees at all."). As described above, ATA has received a ruling determining that a single, severable aspect of RhodeWorks violates the dormant Commerce Clause and its invalidation will: (1) leave ATA in a worse financial position than they were before it brought this action; and (2) likely permit Rhode Island and potentially other states to enact truck-only tolling regimes throughout the United States without offending the Constitution. As a result, the Court finds no basis to award ATA attorneys' fees even assuming they deserve recognition as a prevailing party here. *See Schnorf*, 2012 WL 1068765 at * 9 (denying the plaintiff's motion for attorneys' fees after determining that the plaintiff's "nominal success resulting from the constitutional victory amounts to a 'Pyrrhic

9

victory'" and noting that "Plaintiffs did not receive the result they hoped for, yet Plaintiffs seek to shift on to Defendants—and ultimately the Illinois tax payers—the $1.6 million bill for their expedited litigation.").

Separately, Defendants seek a ruling from this Court determining that, in addition to their taxable costs, they too deserve an award for their attorneys' fees. As Defendants properly acknowledge, a prevailing defendant may only obtain an award of attorneys' fees and non-taxable if the Court finds that a plaintiff has filed a claim that is "vexatious, frivolous or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983). While the Court agrees that the Defendants' role in upholding the RhodeWorks program qualifies them as a prevailing party, it declines to find that ATA filed this action for any improper purpose. In support of this determination, the Court emphasizes ATA's initial victory before this Court as a testament to the legitimacy and magnitude of the legal question that ATA raised in challenging the RhodeWorks program.

Therefore, the Court adopts Magistrate Judge Sullivan's recommendation in part, which limits Defendants to their taxable costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1).[7] Notwithstanding this adoption, the Court concludes that Defendants should receive their taxable costs in full based on its prior determination that ATA is not a prevailing party, which therefore renders Magistrate Judge Sullivan's offset unnecessary.

---

[7] ATA does not appear to contest Defendants' request for taxable costs. As a result, the Court determines that they have waived any objection to Defendants' request for this relief.

10

## III.   CONCLUSION

Based on the foregoing, the Court concludes that ATA has not demonstrated its entitlement to prevailing party status and is therefore not entitled to a reimbursement for attorneys' fees.   However, Magistrate Judge Sullivan properly determined that Defendants are prevailing parties and that their success warrants an award of taxable costs, although not attorneys' fees.

The Report and Recommendation (ECF No. 285) is accepted in part and rejected in part as follows:

1. The Court GRANTS in part and DENIES in part Defendants' Motion for Attorneys' Fees and Costs (ECF No. 261).   The Court DENIES the Defendants' request for attorneys' fees and GRANTS the Defendants an award of costs from ATA for $199,281.15.

2. The Court DENIES ATA's Motion for Attorneys' Fees, Costs, and Expenses (ECF No. 266).

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

March 27, 2026